**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DAVID WOODROW JONES, #935265,** ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-0300-N |
| ) | |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Montford Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Lubbock, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

Statement of the Case: Pursuant to negotiated plea bargains Petitioner pled guilty to the four drug charges in the 4th District Court of Dallas County, Texas, Cause Nos. F00-21778, F00-21776, F99-21750, and F00-21775. Punishment was assessed at ten years imprisonment in No. F00-21778, and at 35 years imprisonment in each of the remaining charges. Petitioner did not

appeal his convictions.

Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state convictions. See Jones v. Dretke, 3:03-CV-1169-D (N.D. Tex., Dallas Div., filed on May 27, 2003). On April 23, 2004, the Court adopted the findings, conclusions and recommendation of the undersigned magistrate judge and denied the petition on the merits. The Fifth Circuit dismissed the appeal on September 8, 2004. No. 04-10950.

In the present petition for a writ of habeas corpus, Petitioner seeks to raise four grounds for relief: (1) unconstitutional enhancement of his sentences under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); (2) no Miranda warnings given, (3) Double Jeopardy violation because of unconstitutional enhancements, and (4) unconstitutional search and seizure.

Findings and Conclusions: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In Felker v. Turpin, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been

2

performed by the district court as required by ... Rule 9(b)."

The facts underlying Petitioner's claims occurred before he filed his initial habeas petition in 2003. United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000). Although Petitioner relies on Apprendi to bring his first and third claims, he must seek an order from the Fifth Circuit authorizing this Court to consider his petition. See Chapman v. Dretke, No. 3:03cv1306-L (N.D. Tex. Feb. 8, 2005) (dismissing § 2254 petition raising an Apprendi claim on the ground that it was second or successive); Conner v. Puckett, 271 F.Supp.2d 909, 918-919 (S.D. Miss. 2001) (same).

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[1]

---

[1] To obtain the requested authorization to file a successive § 2254 petition, a petitioner must show that the motion is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. 28 U.S.C. § 2244(b)(2).
The Fifth Circuit has held that Apprendi created a new rule of criminal procedure which was not retroactively applicable to cases on collateral review. See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), cert. denied, 538 U.S. 1007 (2003). In re Elwood, ___ F.3d ___, 2005 WL 976998, at *1-3 (5th Cir. Apr. 28, 2005) (Per Curiam), the Fifth Circuit recently denied a motion for leave to file a successive post-conviction motion under 28 U.S.C. § 2255, raising a

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner David Woodrow Jones, #935265, TDCJ, Montford Unit, 8602 Peach Street, Lubbock, Texas 79404.

Signed this 24th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

claim under Booker v. United States, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), which reaffirmed the holding in Apprendi. In so ruling, the Fifth Circuit held that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review for purposes of a successive motion under § 2255. In re Elwood, 2005 WL 976998, at *3.